UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL MCEVOY, on behalf of himself
and others similarly situated,

    Plaintiff,

v.       Case No. 3:17-cv-00891-TJC-MCR

APOLLO GLOBAL MANAGEMENT, LLC,
a Delaware limited liability company,
APOLLO MANAGEMENT VI, L.P., a
Delaware limited partnership, and CEVA
GROUP, PLC,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

    Plaintiff, Michael McEvoy ("McEvoy"), on behalf of himself and others similarly situated, by and through undersigned counsel, respectfully moves this court under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend its Amended Order, granting final summary judgment to Defendants, entered on March 10, 2022 [ECF No. 137], and in support states as follows:

**MEMORANDUM OF LAW AND ANALYSIS**

**Standard**

    A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) "must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."" Wendy's Int'l v. Nu-Cape Constr., 169 F.R.D. 680, 684 (M.D. Fla. 1996) (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D. Fla. 1993)). There are "three (3) grounds justifying

reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Id. citing Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). Motions under Fed. R. Civ. P. 59(e) are appropriate "when the court has patently misunderstood a party and has made a decision outside the adversarial issues presented, or has made a mistake, not of reasoning, but of apprehension." Wendy's Int'l., 169 F.R.D. at 686.

"The line between the concepts of "clear error" and "manifest injustice" is blurry." In re Manger, No. 20-13066-MAM, 2022 Bankr. LEXIS 79, *9 (Bankr. S.D. Fla. Jan. 13, 2022). "To obtain relief from a judgment on the grounds of manifest injustice the moving party must show that a "fundamental flaw" exists in the court's decision "that without correction would lead to a result that is both inequitable and not in line with applicable policy."" In re Full of Faith Ministries, Nos. 3:10-bk-75-PMG, 3:10-ap-277-PMG, 2012 Bankr. LEXIS 6364, *5 (Bankr. M.D. Fla. Mar. 12, 2012) (quoting United States v. Jarnigan, 2008 U.S. Dist. LEXIS 101768, *2 (E.D. Tenn.) (quoting In re Bunting Bearings Corp., 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004)).

**The Court Committed Clear Error in its Application of Controlling Law**

The Amended Order should be altered to correct a clear error of law regarding relation back under Rule 15(c) of the Federal Rules of Civil Procedure. Failure to correct this fundamentally flawed analysis will result in manifest injustice to McEvoy as he will be precluded from having his claims resolved on their merits, an inequitable result that in inconsistent with Rule 15's underlying policy considerations regarding liberality of amendments.

McEvoy respectfully asserts that this Court's Amended Order constituted a clear error of law flowing from a misapplication of the case of Saxton v. ACF Indus., 254 F.3d 959 (11th Cir.

2

2021). In the Amended Order, the Court, in quoting Saxton, stated that "[t]his Circuit views "Rule 15(c)(1) as incorporating state law relation-back rules when the law of that state provides the statute of limitations for an action."" *Am. Order*, p. 12, ¶3 (quoting Saxton v. ACF Indus., 254 F.3d 959 (11th Cir. 2001)). The Court is correct that Rule 15(c)(1) incorporates state law. Specifically, it is the current Rule 15(c)(1)(A) that provides that an amendment may relate back when "the law that provides the applicable statute of limitations allows relation back[.]" However, the analysis of relation back under the Federal Rules of Civil Procedure does not end at Rule 15(c)(1)(A).[1]

In Saxton, the relevant issue that was before the Eleventh Circuit for purposes of this Motion was whether a court *may* apply a state's substantive limitations law, in light of the amendment to Fed. R. Civ. P. 15, adding 15(c)(1). Saxton, 254 F. 3d. at 959. Sitting *en banc*, the Eleventh Circuit decided *yes* and overruled its previous holding in Wilson v. Navistar Int'l Transp. Corp., to the extent that its prior ruling in Wilson held that a court *may not* apply state limitations law under Rule 15(c). Saxton, 254 F. 3d at 963. Wilson had specifically held that relation back was a matter of federal procedural law, and thus the Court was precluded from allowing state substantive law to determine matters of Fed. R. Civ. P. 15, with respect to relation back of claims adding parties. Wilson v. Navistar Int'l Transp. Corp., 193 F.3d 1212 (11th Cir. 1999). Indeed, the Eleventh Circuit in Saxton quoted the 1991 Advisory Committee Notes:

> [g]enerally, the applicable limitations law will be state law. If federal jurisdiction is based on the citizenship of the parties, the primary reference is the law of the state in which the district court sits…. Whatever may be

---

[1] At the time that Saxton was decided in 2001, it was Rule 15(c)(1) in and of itself that allowed relation back when "[…] permitted by the law that provides the statute of limitations applicable to the action […]." Likewise, Rule 15(c)(2) governed the "transaction, conduct, or occurrence" test, and Rule 15(c)(3) governed relation back for new defendants. However, in 2007, stylistic changes were made to the Rule. As per the 2007 Advisory Committee Notes, those changes did not alter the substance of the Rules. To the extent that the Court quoted the language from Saxton specifically addressing Rule 15(c)(1) as it existed at that time, the Court may have misapprehended the appropriate scope of the relation back analysis under Rule 15(c), as 15(c)(1)(A) (state law) is not incorporated into 15(c)(1)(B) and (C).

3

> the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.

Id. at 962.

Significantly, the Eleventh Circuit further stated:

> [i]t is important to note that Rule 15(c)'s subsections are separated by the word "or" and are thus written in the disjunctive. Therefore, the Saxtons' amendment concerning ACF could relate back if either Rule 15(c)(1) or Rule 15(c)(3) are satisfied. In this case, we focus on only subsection (1) of Rule 15(c) because the Saxtons concede that their amendment adding ACF as a defendant does not relate back under Federal Rule of Civil Procedure 15(c)(3) (i.e., pure federal law).

Saxton, 254 F. 3d at 966, n. 11. As such, the two-pronged impact of the Eleventh Circuit's ruling in Saxton is that even if McEvoy's claims do not relate back under *state* limitations analysis, the Court must then consider the application of federal law governing Fed. R. Civ. P. 15(c)(1)(B) and Fed. R. Civ. P. (c)(1)(C). See also Brooks v. Knutson, No. 21-0302-WS-MU, 2021 U.S. Dist. LEXIS 209182, *20, n. 5 (S.D. Ala. Oct. 29, 2021) (citing Saxton v. ACF Inc., 254 F.3d 959, 966 n.11 (11th Cir. 2001) (*en banc*)) ("A reasonable extrapolation from this language is that, if relation back is not permitted under the law of the state providing the limitations period, relation back should then be considered under the potentially "more forgiving" federal rule. This construction is bolstered by the disjunctive "or" connecting the subparagraphs of federal Rule 15(c)(1) and appears to be the understanding of the Eleventh Circuit.").[2]

---

[2] Just as Fed. R. Civ. P. 15(c)(1)'s subsections are cast in the disjunctive, so too is the controlling language in specific subsection of Rule 15(c)(1)(B). See i.e., McAFEE v. Harman (In re Harman), 628 B.R. 359, *369 (Bankr. N.D. Ga. 2021) (quoting In re Universal Factoring Co., Inc., 279 B.R. 297, 303 (Bankr. N.D. Okla. 2002)) ("[T]he phrase 'conduct, transaction, or occurrence' found in Rule [15(c)(1)(B)] is cast in the disjunctive," the allegations in the Amended Complaint "need not arise from the same transaction or occurrence attempted to be set forth in the [Initial] Complaint, so long as it springs from the same conduct.").

In light of the Eleventh Circuit's clear guidance, the Court erred in failing to go beyond Fed. R. Civ. P. 15(c)(1)(A) and consider whether relation back was appropriate under federal procedural law. This failure constitutes clear error in as much as the Supreme Court has stated that "inquiry under relation back under Rule 15(c)" is "mandatory[,]" and if the elements are satisfied, relation back is "mandatory" and not subject "to the district court's equitable discretion." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 553 (2010).

Federal Rule of Civil Procedure 15(c)(1)(B) states that an amendment relates back if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Likewise, Rule 15(c)(1)(C) requires relation back even if the amendment changes the party or the naming of the party so long as 1) the claims arise out of the same transaction, conduct, or occurrence 2) and, within the time period provided by Rule 4(m), the party added by amendment was aware of the action, is not prejudiced in defending, and that, but for a mistake concerning a proper party's identity, the action would have been brought against it.[3]

Rule 15(c) is interpreted liberally. Indeed, the Fifth Circuit stated that

> [w]hen a suit is filed in a federal court under the Rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement. So long as the amendment is of the sort described in the above quoted Rule it is within the scope of the original suit and a part of it.

---

[3] McEvoy was denied discovery on issues related to equitable estoppel and relation back and as such was unable to obtain information as to Defendants' knowledge. See Motion to Compel Production of Documents [ECF Nos. 91-0, pp. 17-19; 91-7, pp. 9-10]. See also Order Granting in Part and Denying in Part Motion to Compel [ECF No. 103]. Indeed, undersigned counsel for McEvoy asserted that he had very specific conversations with the Chapter 7 Trustee regarding multiple matters, including the 2006 LTIP and possible amendments, and the Chapter 7 Trustee stated whatever was agreed to, "*Apollo was going to have a say in it.*" Mot. Compel [ECF No. 91-0, p. 17] (Emphasis added). None of the Defendants have denied having notice of the Initial Complaint nor of the stay litigation in the Bankruptcy Proceeding.

5

Barthel v. Stamm, 145 F.2d 487, 491 (5th Cir. 1944) (cert. denied).[4] "As long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint and the defendant was put on notice of the claim by the first complaint, there will be no bar to amendment; even new defendants and new theories of recovery will be allowed." United States ex rel. Campbell v. Lockheed Martin Corp., 282 F. Supp. 2d 1324 (M.D. Fla. 2003) (citing Williams v. United States, 405 F.2d 234, 237 (5th Cir. 1968) (quoting Travelers Ins. Co. v. Brown, 338 F.2d 229, 234 (5th Cir. 1964)).[5] [6]

**The Court's Constructive Notice Analysis Constitutes Clear Error as it is Inconsistent with the Record and Undermines Policy Considerations Regarding Judicial Economy**

In the Amended Order, the Court retreated from its prior finding of a constructive filing date based on the footnote found in McEvoy's filing in the Bankruptcy Court. While the Court found that there may be some instances in which Delaware law would allow the finding of a constructive filing date, it found, without any supporting authority, that McEvoy did not meet the requisite criteria. Indeed, the Court made general presumptions, adopted wholesale from Defendants' briefs, that were entirely contrary to the record in this matter.

---

[4] See Bonner v. Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit).

[5] For purposes of relation back analysis, some courts will employ a "logical relationship" analysis in determining whether transactions or occurrences are related. See i.e., Anza Tech., Inc. v. Mushkin, Inc., 934 F.3d 1359, 1369 (Fed. Cir. 2019) (Using logical relationship test for relation back and noting Supreme Court's liberal application of term transaction or occurrence).

[6] The Initial Complaint alleged that Apollo Global Management, LLC, upon information and belief, was the sponsor of the employee stock plan, and that former Defendants Turner and Beith as directors of CIL owed fiduciary duties to those Employee Investors who invested by and through that plan. *Compl.* [ECF No. 1], ¶¶ 2, 72-73. The Amended Complaint alleges that Apollo Management VI, LP was the Sponsor of the 2006 LTIP, and that CIL had deferred administration of 2006 LTIP to CEVA Group, PLC, and thus CEVA Group had taken over those fiduciary duties from CIL. *Am. Compl.* [ECF No. 35], ¶¶ 11, 44. Likewise, both the Initial Complaint and Amended Complaint alleged damages arising out of the 2013 Transaction. However, the Amended Complaint more specifically alleged that McEvoy's damages flowed from a particular aspect of the 2013 Transaction of which he was not on inquiry notice of until July 2017. Moreover, and in any event, Apollo Global Management, LLC was a Defendant in the Initial Complaint.

In its Amended Order, the Court found that "McEvoy could have earlier filed the non-derivative case in this Court without running afoul of the automatic stay […] [and that] he chose to instead file claims that implicated the CIL bankruptcy estate and to consent to a stay in this case was his choice." *Am. Order*, p. 14.  To say that McEvoy, or any of the Management Co-Investors for that matter, could have filed the Amended Complaint prior to the Trustee filing a motion in the New York Bankruptcy Court to enjoin McEvoy's case on October 18, 2017, is not supported by the record.  Moreover, the Court's assertion that McEvoy, or any of the Management Co-Investors, had sufficient information and a clear understanding about the status or role of the Defendants in the events is, to say the least, incorrect. Indeed, at the hearing on Defendants' Motions to Dismiss, undersigned counsel for McEvoy explained that extensive additional due diligence was required regarding the 2006 Long Term Incentive Plan because neither the Bankruptcy Trustee nor the Apollo entities were forthcoming with needed information and that it was difficult to determine "who's who in the zoo with regard to these entities and transactions." *Hrg. Tr.* (Dec. 3, 2019), 13:13-17; 16:12-18:05; 64:02-05 [ECF No. 81].

Significantly, at one point in the hearing, counsel for CEVA Group, PLC mistook the name of which entity informed McEvoy of the loss of value of the shares (CEVA or CIL), and the Court remarked:

> "Maybe your slip of the tongue is because, you know, no -- no real human being can follow all this, right? I mean, it's -- the names are confusing. The structuring is confusing. I don't know if it's advisedly confusing. I don't know if it was done for the purpose to confuse. But, you know, it's pretty tough to figure out who's who. Maybe you've been doing it long enough that it trips off your tongue, but it doesn't trip off mine."

Id. at 57:14-21. Imposing an obligation upon McEvoy, as a reasonable person, to instantaneously have a complete understanding of what "no real human being can follow" is inequitable, inconsistent with law, and results in manifest injustice.

With regard to the question of mistake, the Supreme Court's ruling in Krupski v. Costa Crociere S.p.A. is telling. In Krupski, the Supreme Court stated:

> "We agree that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity. We disagree, however, with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake. The reasonableness of the mistake is not itself at issue. As noted, a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied."

Krupski, 560 U.S. at 549.

Finally, the Court's finding, without any citation to the record, finding that McEvoy acted with undue delay in filing his Amended Complaint is inconsistent with policy and law. In making this finding, the Court is effectively retroactively requiring that McEvoy and his counsel should have disregarded considerations of judicial economy, refused to consent to a stay in this matter, and litigate the propriety of a stay in this matter, despite knowing that such litigation was unnecessary and irresponsible.

This is inconsistent with Eleventh Circuit law and policy. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

litigants." Cypress Chase Condo. Ass'n "A" v. QBE Ins. Corp., No. 10-61987-CIV, 2011 U.S. Dist. LEXIS 41104, *15 (S.D. Fla. Apr. 15, 2011) (quoting Landis v. American Water Works & Elec. Co., 299 U.S. 248, 254, 57 S. Ct. 163 (1936). "Federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency." Cypress, 2011 U.S. Dist. LEXIS, *15 (citing Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009) (approving district court's decision to stay case pending appeal in another case that was "likely to have a substantial or controlling effect on the claims and issues in the stayed case").  As such, this Court's factual finding charging McEvoy with undue delay is inequitable and inconsistent with policy.[7]

## CONCLUSION

But for the Court's failure to properly consider relation back under Rule 15(c), and the Court's failure to properly construe the actual record in this matter, August 3, 2014, would be the relevant date for purposes of inquiry notice analysis. In the Amended Order, the Court adopted what effectively amounted to a cumulative theory of inquiry notice, without any firm finding of when McEvoy was actually on inquiry notice sufficient to cease tolling.[8] Correction of the

---

[7] Further, McEvoy could not have asked this Court to lift the stay and proceed with an amended complaint until the conclusion of the Bankruptcy Proceedings.  It is undisputed that the Bankruptcy Court determined that it had jurisdiction to determine if McEvoy could proceed with his claims and in fact ultimately granted him leave to amend. In re CIL Ltd., No. 13-11272-JLG, 2018 Bankr. LEXIS 354, *3 (Bankr. S.D.N.Y. Feb. 9, 2018).  As such, the Court's finding in the Amended Order that McEvoy could have filed an Amended Complaint in this Court notwithstanding the ongoing bankruptcy issues is an incorrect finding of fact that is simply not supported by the record. McEvoy had raised on appeal to the Southern District of New York the fact that the scope of the Bankruptcy Court's initial injunction prevented him from filing an amended complaint and requested on appeal that he be permitted to file a motion for leave to amend in the Middle District of Florida. Mot. for Leave to Appeal [Bankr. ECF No. 193]. Judge Rakoff ruled that the Bankruptcy Court was the proper court to determine whether McEvoy could amend his claims. In re CIL, Ltd., No. 18-cv-2226, 2018 U.S. Dist. LEXIS 83452, *9 (S.D.N.Y. May 4, 2018) ("The Court therefore finds that the appropriate course is for McEvoy to file a motion in the Chapter 7 case seeking clarification of the scope of the injunction or a modification to permit amendment of the complaint.").

[8] Undersigned counsel is unable to locate any law in Delaware that provides for "cumulative" inquiry notice, as it is the type of inquiry notice that Delaware clearly disfavors. See Microsoft Corp. v. Amphus, Inc., No. 8092-VCP, 2013 Del. Ch. LEXIS 263, *65 (Ch. Oct. 31, 2013) ("This Court has expressed a reluctance to find inquiry

9

relation back error in the Amended Order would change the factual landscape relating to tolling and would create a question as to whether or not the facts that occurred during this truncated time period would have been sufficient, as a matter of law, to put McEvoy on inquiry notice and file claims sufficient to survive a motion to dismiss.

In any event, the Court's failure to properly conduct a mandatory, non-discretionary relation back analysis constitutes a clear error of law. Failure by the Court to correct this error impacts the factual analysis relating to tolling, deprives McEvoy of his ability to have his claims heard on their merits, and therefore constitutes manifest injustice.

Respectfully submitted this 7th day of April, 2022.

**JOHN D. WEBB, P.A.**

*s/ John D. Webb*
John D. "Jack" Webb
Florida Bar Number: 051871
1662 Stockton Street
Jacksonville, Florida 32204
Telephone: (904) 803-4686
Primary Email:
jwebb@jackwebblaw.com

---

notice when a plaintiff would have to piece together information from various documents."). See also *Decl. of William Aldridge* [ECF No. 112-48].

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on this 7th day of April, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will electronically send a notice of electronic filing to all parties of record who have consented to such service.

**JOHN D. WEBB, P.A.**

*s/ John D. Webb*
John D. "Jack" Webb
Florida Bar Number: 051871
1662 Stockton Street
Jacksonville, Florida 32204
Telephone: (904) 803-4686
Primary Email:
jwebb@jackwebblaw.com