**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MICHAEL MCEVOY, on behalf of himself and others similarly situated,

    Plaintiff,

v.

APOLLO GLOBAL MANAGEMENT, LLC, a Delaware limited liability company, APOLLO MANAGEMENT VI, L.P., a Delaware limited partnership, and CEVA GROUP, PLC,

    Defendants.

Case No. 3:17-cv-891-TJC-MCR

**O R D E R**

This case is before the Court on Plaintiff Michael McEvoy's Motion to Alter or Amend Judgment. Doc. 141. Defendants ("Apollo") have filed a Response. Doc. 142. The motion is now ripe.

In a now-vacated Order, the Court denied Apollo's Motion for Summary Judgment based on the statute of limitations. Doc. 122. Upon Apollo's Motion to Reconsider, the Court determined that it had improperly relied upon the concept of "constructive notice" as a means, under Delaware law, to toll the applicable statute of limitations, and thus granted summary judgment for Apollo. Doc. 137. McEvoy now requests that the Court alter its judgment and

instead determine that his Amended Complaint was not filed outside the statute of limitations. Doc. 141.

Grounds to justify reconsideration of a prior decision can include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). McEvoy argues that the Court committed clear error by limiting its analysis to state relation back law in accord with Federal Rule of Civil Procedure 15(c)(1)(A), and not addressing the federal standards for relation back as laid out in subsections (c)(1)(B) and (c)(1)(C). Doc. 141 at 4, 5.

First, as the Court has already concluded, the claims in the Amended Complaint do not relate back under Delaware law and Rule 15(c)(1)(A) because they are based on a new factual premise. Doc. 137 at 12–13. Second, the claims in the Amended Complaint center on the 2013 LTIP, and therefore do not arise out of the "conduct, transaction, or occurrence set out" in McEvoy's original Complaint. FED. R. CIV. P. 15(c)(1)(B). Third, because there is no relation back under subsection (c)(1)(B), there likewise cannot be relation back under subsection (c)(1)(C). FED. R. CIV. P. 15(c)(1)(C) (permitting party changes "if Rule 15(c)(1)(B) is satisfied"). Under any subsection of Rule 15(c), McEvoy's Amended Complaint does not relate back.

2

In all other respects, the Court relies on the Amended Order granting summary judgment. Doc. 137.

Accordingly, it is hereby

**ORDERED:**

Plaintiff Michael McEvoy's Motion to Alter or Amend Judgment (Doc. 141) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida the 26th day of May, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

agb
Copies:

Counsel of record

3